FILED
CLERK
09 DEC -8 PM 3:55
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EDUARDO CAMACHO | § | |
| Plaintiff | § | Case No.: _____ |
| v. | § | |
| CACH, LLC | § | COMPLAINT AND JURY DEMAND |
| | § | AMON, J. |
| BRONSON & MIGLIACCIO, LLP | § | |
| Defendant | § | LEVY, M.J. |

Plaintiff EDUARDO CAMACHO brings suit against Defendants CACH, LLC and Bronson & Migliaccio, LLP for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692.

## A. JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

2. Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Brooklyn, New York.

3. Plaintiff is an individual who currently resides in the state of New York.

4. Defendants CACH, LLC is a corporation organized under the laws of the State of Colorado, with its principle place of business at 4340 S. Monaco St., 2nd Floor, Denver, CO 80237. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

5. Defendants Bronson & Migliaccio LLP, a limited liability partnership, organized under

the laws of the State of New York, with its principle place of business at 2200 Fletcher Ave., 5th Floor, Fort Lee, NJ 07024. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

## B. STATEMENT OF FACTS

6. Defendant CACH, LLC is a debt collector that purchases alleged consumer debts after default with the purported original creditor and regularly seeks to collect those alleged debts through litigation. Defendant CACH retained the debt collection law firm Bronson & Migliaccio, LLP to file and prosecute suit against Plaintiff. At all times relevant to this suit Defendant CACH was acting by and through Bronson & Migliaccio, LLP, its law firm and agent. Therefore, for simplicity this complaint will refer to them jointly simply as "Defendants."

7. On or about February 21, 2008 Defendants filed a suit against Plaintiff in Kings County Civil Court in CACH, LLC v. Eduardo Camacho, Index No. CV-22000-08/KI. The suit sought to collect an alleged Providian credit card debt of $5,772.96. Defendants filed an affidavit asserting Plaintiff was served on March 1, 2008 at his "residence" in Brooklyn. This affidavit is false. Plaintiff was never served, and in fact did not live in Brooklyn since 2001. On October 27, 2008 Defendants obtained a default judgment against Plaintiff Based on the false affidavit they filed with the court. The judgment was for $7,065.13.

8. Defendants then proceeded to garnish Plaintiff's bank account based on the fraudulently obtained judgment. On November 26, 2008, Plaintiff's bank sent him a notice that it had frozen Plaintiff's bank account based on a restraining order Defendants served upon it. This letter was the first time Plaintiff became aware of a collections lawsuit having been filed against him.

9. On order about January 15, 2009, Plaintiff sent Defendants a letter demanding that they release the frozen bank account. Plaintiff stated he was never served and enclosed documentary proof that he did not even live in Brooklyn since 2001. Specifically, Plaintiff enclosed 1) his NY State Driver's license issued November 23, *2005* showing his address to be in Manhattan; 2) the November 28, *2008* letter from the bank to Plaintiff listing the same Manhattan address; 3) the top part of his *2007* federal tax return listing the same Manhattan address; and 4) even a letter from a prior debt collector dated September 8, *2005* against showing the same Manhattan address. Plaintiff swore to the facts he asserted in the letter under oath, subject to the penalties of perjury.

10. In the letter, Plaintiff stated he in fact had an credit card account with Providian at one point, but had no idea if it was the same account upon which he was sued, that he did not believe he ever owed Providian the amount Defendants stated he owed, and that he had no idea who CACH was. Moreover, Plaintiff stated – again, under oath – that address he had for the entire time he had a Providian credit card was the same Manhattan address listed in all of the supporting documents he included in his letter. Plaintiff specifically requested that Defendants contact Providian – the alleged original creditor – and confirm that the only address that Providian has ever had for him was the address in Manhattan, and not the "address of residence" falsely asserted in the return of summons Defendants filed in the collections lawsuit.

11. In his letter, Plaintiff pleaded with Defendants to release its freeze on his bank account, and also to vacate the default judgment. Plaintiff emphasized that he needed the money in the account – just over $2,000 – to live on. Plaintiff also stated that the bank had taken out $125 in fees for Defendant's levy.

3

12. Despite Plaintiff's pleas, Defendants refused to release the funds.

13. Plaintiff was forced to retain an attorney who filed an Order to Show Cause, lifted the restraints on Plaintiff's accounts, and vacated the fraudulently obtained judgment. Ultimately the parties resolved the underlying disputed debt and filed a stipulation of discontinuance with prejudice.[1]

14. Plaintiff now files suit for Defendants' violations of the Fair Debt Collection Practices Act in its attempts to collect the disputed debt.

## COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

15. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

16. Plaintiff brings these F.D.C.P.A. claims as a "private attorney general" acting in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

17. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Each Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

19. The obligation alleged by Defendants in the state court collections lawsuit is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. Defendant CACH purchased the debt that formed the basis of the underlying lawsuit after it went in default with the alleged original creditor.

21. Defendants' litigation in the state court collection lawsuit and in the garnishment of

---

[1] Incidentally, Defendant has moved to Brooklyn in the interim between the vacating of the default judgment and the filing of this complaint.

4

Plaintiff's bank account constituted an attempts to collect a debt within the meaning of the federal Fair Debt Collection Practices Act.

22. Defendants violated the following sections of the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692d, 1692e, 1692f, 1692g, and 1692i. By way of example and not limitation Defendants violated the F.D.C.P.A. by taking the following actions in an attempt to collect a debt: misrepresenting the character, status, and amount of the debt; attempting to collect an amount not permitted by law or contract; threatening to take and actually taking an action prohibited by law; using false, deceptive or misleading representations or means; using a unfair or unconscionable means; and engaging in conduct the natural consequence of which is to harass, oppress any person.

23. Plaintiff seeks actual damages, statutory damages, exemplary damages and attorney's fees and costs.

### C. JURY DEMAND.

24. Plaintiff demands a trial by jury.

### D. PRAYER

25. For these reasons, Plaintiff asks for judgment against Defendants for the following:

    i. The above referenced relief requested;

    ii. Statutory damages, including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.);

    iii. Actual damages within the jurisdictional limits of the court;

    iv. Attorney fees and costs;

    v. Prejudgment and post-judgment interest as allowed by law;

    vi. General relief;

vii. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,

Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
State of Texas Bar Number: 24012957

The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:    (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com

6